Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| CURTIS L. PRUITT, *et al.*, | |
| Plaintiffs, | Civil Action No. 7:10-00107-KKC |
| v. | |
| AUSTIN FOOD SERVICE, *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Plaintiffs Curtis L. Pruitt and Antonio Q. Anthony are confined in the United States Penitentiary-Big Sandy ("USP-Big Sandy"), located in Inez, Kentucky. They filed the instant *pro se* civil rights Complaint in which they identified themselves as Muslims and alleged that the defendants, all USP-Big Sandy employees, prepared and served them cold meals in violation of Ramadan food consumption procedures and specific Bureau of Prisons ("BOP") policy.

The plaintiffs filed a motion seeking an emergency injunction directing the defendants to prepare and serve meals which strictly complied with Ramadan food procedures; ordering the defendants to apologize to them for conduct allegedly disrespectful of Ramadan; and reprimanding the defendants for their alleged violation of the their First Amendment religious rights. For the reasons set forth below, the Court will deny the plaintiffs' motion for emergency injunctive relief. By separate Order, the Court will require both plaintiffs to take certain steps regarding the $355.00 filing fee if they wish to proceed with their claim for monetary damages.

FACTUAL BACKGROUND

On August 26, 2010, Pruitt and Anthony filed the instant *pro se* civil rights Complaint in the United States District Court for the Western District of Kentucky, at Louisville, ("the Western District") alleging that the defendants violated their right to obtain properly prepared meals during the Muslim religious holiday month known as Ramadan.[1] *Pruitt v. Austin Food Service*, No. 3:10-CV-P564-H (W. D. Ky.). The plaintiffs invoked the First Amendment of the United States Constitution and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq*., ("RLUIPA") as the bases of jurisdiction.[2] Primarily, the plaintiffs objected to being served cold meals in violation of Ramadan protocol. They claimed that the defendants began serving them cold meals on August 14, 2010.

The plaintiffs filed a separate motion seeking emergency injunctive relief in the form of an Order directing the USP-Big Sandy defendants to prepare and serve hot meals in strict compliance with Ramadan food preparation procedures; to demonstrate respect for the Muslim religious observance period; and to apologize to them for actions which the plaintiffs contend violated Ramadan tradition and procedures. R. 3. The plaintiffs also demanded $50.00 a day in damages for each cold meal the defendants served them during the month-long Ramadan observance period.

---

[1] During Ramadan, a holy month on the Islamic calendar, Muslims fast during the daylight hours from dawn to sunset. During the 2010 calendar year, Ramadan was observed between August 11, 2010 and September 9, 2010. *See* http://en.wikipedia.org/wiki/Ramadan_(calendar_month).

[2] The plaintiffs' First Amendment religious claims fall under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

2

On August 30, 2010, the Deputy Clerk of the Western District entered two Notices of Deficiency which informed each plaintiff that within thirty days, they would be required either to pay the $350.00 filing fee or to file the proper documentation requesting in forma pauperis status. R. 4 & 5. On that same date, however, the Western District transferred this action to this Court, based on the venue considerations set forth in 28 U.S.C. § 1391(b)(2). R. 6. This action was docketed in this Court on the same date. R. 7. As of the date of this Order, neither Pruitt nor Anthony have paid the $350.00 filing fee or filed a motion to proceed *in forma pauperis*.

## DISCUSSION

The plaintiffs sought an emergency injunction directing the defendants to prepare and serve meals which strictly complied with Ramadan food procedures; ordering the defendants to apologize for conduct which they claim showed disrespect of Ramadan; and reprimanding the defendants for their alleged First Amendment and RLUIPA violations. Generally, the plaintiff bears the burden of establishing his entitlement to a preliminary injunction. *See Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

In addressing a motion for a preliminary injunction, a court should consider: (1) the likelihood that the movant will succeed on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the public interest will be advanced by issuing the injunction. *See Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 399 (6th Cir. 1997). "These factors are not prerequisites, but are factors that are to be balanced against each

other." *Overstreet*, 305 F.3d at 573. Usually, the failure to show a likelihood of success on the merits is fatal. *Gonzales v. National Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000). In addition, the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

Under the first criterion, the plaintiffs cannot establish a substantial likelihood of success on the merits of their First Amendment and RLUIPA claims, because these claims are now moot. Ramadan observances for 2010 ended on September 9, 2010. The plaintiffs alleged that the defendants began serving them cold food on August 14 and 16, 2010, during the first week of Ramadan observances. They filed this civil rights action on August 26, 2010, well into the four-week Ramadan observance period. In their motion seeking emergency injunctive relief, the plaintiffs alleged that they had sustained weight loss resulting from the loss of caloric intake and emotional distress during the time of religious fasting. R. 3, p.2.

Although the plaintiffs demanded emergency judicial intervention in the administrative food service procedures at USP-Big Sandy, they had other means of obtaining emergency relief with respect to their demands, through 28 C.F.R. § 542.18. That regulation provides as follows:

> If the Request is determined to be of an emergency nature which threatens the inmate's immediate health or welfare, the Warden shall respond not later than the third calendar day after filing.

*Id*.

Although Pruitt attached a copy of his May 15, 2010, "Inmate Request to Staff" form in which he requested to be placed on the Ramadan List. R 1-1, p. 1, there is nothing in the record

4

to suggest that the Plaintiffs pursued the § 542.18 avenue for immediate or emergency relief at any time during the Ramadan period, which concluded on September 9, 2010. In fact, the plaintiffs stated in their motion for emergency injunctive relief that the Court should conduct a hearing concerning the defendants' alleged unconstitutional actions " while plaintiff's [sic] pursue the administrative remedy process." R. 3, p. 2. Plaintiffs stated that they lodged what appears to have been only verbal complaints to Defendant Austin, Food Service Supervisor at USP-Big Sandy, *see id.*, but they did not allege that they sought emergency relief as to their alleged calorie deficiency from the Warden under § 542.18. Plaintiffs alleged, only in broad terms, that their unspecified "communications" with prison officials in food service, and special housing unit staff had been unsuccessful. *Id*.

Given the plaintiffs' apparent failure to timely pursue available administrative remedies within USP-Big Sandy, their own actions, or inactions, led to the urgency of their request for an emergency injunction. Plaintiffs' motion for an emergency injunction requiring specific action by the USP-Big Sandy defendants during Ramadan 2010 is therefore moot. *See McDaniels v. Sherman*, No, C09-1296, 2009 WL 4110363, *4, n.2 (W.D. Wash. November 19, 2009) (denying as moot plaintiffs' request for emergency injunctive relief because Ramadan 2009 had concluded and plaintiffs had not diligently pursued their food preparation claims).

Under these facts, it is neither reasonable nor necessary to require the USP-Big Sandy defendants to respond to the plaintiffs' request for an emergency injunction. If the plaintiffs are still confined in USP-Big Sandy during the months preceding Ramadan of 2011, they may file another action seeking specific prospective injunctive relief, *i.e.*, an Order ensuring that they are

served hot meals in accordance with Ramadan procedures, for 2011.

On a substantive level, even if plaintiffs have arguably raised a likelihood of irreparable harm, which is the second criterion, the balance of equities do not tip in their favor, and a preliminary injunction is not in the public interest, which considerations address the third and fourth criteria of the analysis. When a prisoner seeks an order enjoining prison officials, a district court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438 (6th Cir. 1984).

The Supreme Court has explicitly rejected heightened judicial scrutiny of prison policies. Rigorous scrutiny, the Court has noted, is simply "not appropriate for consideration of regulations that are centrally concerned with the maintenance of order and security within prisons." *Thornburgh v. Abbott*, 490 U.S. 401, 409-10 (1989); *see also Clay v. Isard*, No 09-00209, 2010 WL 565121, at *2 (W. D. Mich., February 10, 2009) (finding that the interests of identifiable third parties and the public at large weighed against granting an injunction because judicial interference in prison administration of is necessarily disruptive; and that the public welfare militated against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights). Because the plaintiffs have not established a likelihood of success on the merits of their religious claims, USP-Big Sandy administrators would be adversely affected by an injunction as to either the now concluded 2010 Ramadan period, or the future Ramadan period in 2011.

In light of the foregoing discussion, the Court will deny the plaintiffs' motion for a preliminary injunction.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiffs Curtis L. Pruitt's and Antonio Q. Anthony's "Motion for Emergency Injunction," R. 3, is **DENIED**.

Dated this 14th day of September, 2010.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge